### Rogers v. Harvey, et al.

(Decided April 12, 1911.)

#### Appeal from Woodford Circuit Court.

1.  H. procured W. to buy stock in a company which he was promoting executing to him a written stipulation that he would protect him from loss by reason of the purchase of the stock. W. having failed, the stock with the guaranty attached was sold under a judgment of the court in an action to which H. was a party, and bought by

R. Held, that R. may maintain an action on the guaranty against H. for loss sustained on the stock.

2. A writing by which one agrees to indemnify another against loss, is a bond within the meaning of Section 474, Ky. St.

. D. T. EDWARDS, for appellant.

CARROLL & MIDDLETON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.

In the year 1889, W. P. Harvey was interested with others in the Ozone Parkland Company of New York. Certain options to purchase land for the proposed company were about to expire, as he made a special effort to obtain subscriptions. To induce A. B. Bonta and H. C. Williams to take $5,000.00 of the stock, and pay in $2,500.00 therefor, he with two other promoters executed and delivered to them the following written obligation:

"Louisville, Ky., May 7, 1889.

We the undersigned guarantee Mess. H. C. Williams and A. B. Bonta, that in the purchase of interest in the Ozone Parkland Company of New York, they shall suffer no loss, and that we will indemnify them for any loss should such occur. In other words, they having subscribed each for a share of $5,000.00 in the above styled company, we hereby agree that to the extent of $2,500.00 paid by each of them, and 8 per cent. interest additional, that we will make good any loss or damage to them arising out of this transaction.

"This guarantee is only to the extent of our respective interest in the said Ozone Parkland Company paid up amounting to $15,000.00."

"JOHN S. CAIN,
ALLEN TUPPER, JR.,
W. P. HARVEY."

Williams afterwards borrowed $3,700 from Joseph Rogers, and transferred to Rogers the above obligation with his stock as collateral security to secure the note which he executed therefor. Williams having failed, a suit was brought in the Mercer Circuit Court in which the foregoing facts were alleged in the petition. It was also alleged that the stock with the guarantee attached would bring a much higher price than if it was sold without the guaranty. Judgment was prayed that the stock should be sold and the guaranty sold with it, so that the purchaser would take the stock and guaranty as part of his purchase. Harvey was made a party to that action

but did not answer. The court entered a judgment for the sale of the stock as prayed in the petition with the guaranty attached, providing that the purchaser of the stock under the judgment would be entitled to the full benefit of the guaranty as a part of his purchase. The sale having been advertised as directed in the judgment, the stock was sold and Rogers became the purchaser of the stock with the guaranty attached, Rogers then brought this action against Harvey on the guaranty. Harvey demurred to the petition. His demurrer was sustained on the ground that the written guaranty was not assignable, and that Rogers took no title to it by his purchase under the judgment. The plaintiff declining to plead further his petition was dismissed. He appeals.

Section 474 Kentucky Statutes is as follows:

"All bonds, bills or notes for money or property shall be assignable so as to vest the right of action in the assignee; but except in case of bills of exchange, not to impair the right to any defense, discount or offset that the defendant has and might have used against the original obligee, or any intermediate assignor, before notice of the assignment."

Section 19 of the Civil Code of Practice also provides:

"In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any discount, set-off or defense now allowed; and if the assignment be not authorized by statute the assignor must be a party, as plaintiff or defendant."

We have been referred by counsel to a number of common law authorities holding that a guaranty is not assignable. But the common law rule as to what is assignable has been much modified in this State by the statutes above quoted. Under the statutes all bonds are assignable so as to vest the right of action in the assignee. The writing sued on is a bond within the meaning of the statute. It is a covenant in writing to indemnify Bonta and Williams as therein specified against loss by reason of the investment of the $2,500.00 by each of them. In Forepaugh v. Appold, 17 Ben Mon., 626, it was held that an account is assignable so as to vest the assignee with an equity and a beneficial right. In the settlement of estates it is not uncommon to order accounts sold. The court in the action brought to sell the stock had jurisdiction of the parties. Harvey was before the court and is bound by the judgment rendered in that action. The

pleadings sufficiently showed the facts, and the judgment was in accord with the prayer of the petition. By his purchase at that sale Rogers was invested with all the rights of Williams in the stock and in the guaranty, and he may bring an action on the guaranty which Williams might have brought. (Cin. Tobacco Warehouse Co. v. Leslie, &c., 117 Ky., 478.)

Judgment reversed and cause remanded for further proceedings consistent herewith.